T.C. Memo. 2016-35

UNITED STATES TAX COURT

ANGEL M. RIVERA AND ANN M. RIVERA, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25689-14.                    Filed March 2, 2016.

Angel M. Rivera and Ann M. Rivera, pro se.

Peter N. Scharff and Gerard Mackey, for respondent.

MEMORANDUM OPINION

COLVIN, Judge:  Respondent determined the following deficiencies with

respect to petitioners' Federal income tax for taxable years 2006, 2009, 2010, and

2011:  $9,406 for 2006;[1] $3,735 for 2009; $67,709 for 2010; and $32,423 for

_____

[1]The deficiency determined for taxable year 2006 is not in dispute in this
case.  We have rounded monetary amounts to the nearest dollar.  Unless otherwise

(continued...)

[*2] 2011.  The sole issue for decision is whether tax overpayments petitioners received in 2009, 2010, and 2011 from refunds of New York income tax are taxable income.  We hold that they are.  The parties submitted this case under Rule 122.  The facts have been fully stipulated and are so found.

## Background

Petitioners resided in Newburgh, New York, when they filed the petition in this case.

On July 12, 2006, Newburgh Metals, Inc. (Newburgh Metals), was incorporated in New York and elected to be an S corporation under New York law.  Effective April 13, 2007, Newburgh Metals was a certified Empire Zone business under the New York Empire Zone Program (EZ Program).  During taxable years 2008, 2009, and 2010 Newburgh Metals qualified as a new business under the EZ Program.  Petitioner Ann M. Rivera owned 100% of the shares of Newburgh Metals during taxable year 2008.  Beginning on January 1, 2009, petitioner Angel M. Rivera owned 100% of the shares of Newburgh Metals.

---

[1](...continued)
indicated, section references are to the Internal Revenue Code in effect for the years at issue and Rule references are to the Tax Court Rules of Practice and procedure.  References to New York are to the State of New York.

**[*3]**  On its 2008 Form CT-3-S, New York S Corporation Franchise Tax Return, Newburgh Metals claimed an Empire Zone Wage Tax Credit (EZ Wage Credit) of $17,250 and an Empire Zone Investment Tax Credit (EZ Investment Credit) of $58,827.  As the sole shareholder of Newburgh Metals in 2008, petitioner Ann M. Rivera was eligible to claim any EZ Wage Credits and EZ Investment Credits against petitioners' New York income tax.  Accordingly, for 2008 petitioners claimed an EZ Wage Credit of $17,250 and an EZ Investment Credit of $58,827 on Form IT-201, New York Resident Income Tax Return.  Because Newburgh Metals qualified as a new business under New York law, petitioners were also eligible to receive 50% of the excess credit as an overpayment of New York income tax to be refunded.

After application of the tax credits, petitioners did not report any New York income tax liability for 2008.  Petitioners claimed a refund of a New York income tax overpayment of $30,935, of which $8,625 was attributable to the EZ Wage Credit and $13,829 was attributable to the EZ Investment Credit.  Petitioners received their refund in 2009.  Petitioners did not report any portion of their 2008 New York income tax refund attributable to the EZ Wage Credit and the EZ Investment Credit on their 2009 Form 1040, U.S. Individual Income Tax Return.

**[*4]** Petitioners repeated this process for taxable years 2010 and 2011. Beginning on January 1, 2009, petitioner Angel M. Rivera became the sole shareholder of Newburgh Metals; thus, petitioners continued to be eligible to claim any EZ Wage Credits and EZ Investment Credits against their New York income tax liability. For 2009 petitioners claimed a refund of $18,000 attributable to the EZ Wage Credit and a $144,763 refund attributable to the EZ Investment Credit. Petitioners received these amounts in 2010 but did not report them as gross income on their 2010 Form 1040.

For 2011 petitioners claimed a $27,500 refund attributable to the EZ Wage Credit and a $65,663 refund attributable to the EZ Investment Credit. Petitioners received these amounts in 2011 but did not report them as gross income on their 2011 Form 1040.

On July 23, 2014, respondent issued a notice of deficiency to petitioners for taxable years 2006, 2009, 2010, and 2011. Respondent determined that the refunded EZ Wage Credits and EZ Investment Credits petitioners received in 2008, 2009, 2010, and 2011 were includible in their gross income.

<u>Discussion</u>

Petitioners qualified for the EZ Wage Credit and the EZ Investment Credit for taxable years 2009, 2010, and 2011 and were eligible to claim refunds as the

**[\*5]** sole shareholders of a new business under New York law.  See N.Y. Tax Law secs. 606(a)(10), (j)(1), (4), (k)(1), (3) (McKinney 2014); see also Maines v. Commissioner, 144 T.C. 123 (2015); Elbaz v. Commissioner, T.C. Memo. 2015-49 (discussing eligibility requirements and refunds of EZ Wage and Investment Credits).

Section 61(a) defines gross income as "all income from whatever source derived".  Payments that are "undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion" are taxable income unless an exclusion applies.  Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955).  In Maines v. Commissioner, 144 T.C. at 136, and Elbaz v. Commissioner, at \*9-\*10, we held that portions of the excess EZ Investment and Wage Credits that are refunded are taxable income for the year in which the taxpayers receive the payments.

The facts in Maines are identical in all material respects to those in the present case.  The taxpayers in Maines were partners and shareholders in an LLC and an S Corporation that qualified for the EZ Investment Credit and the EZ Wage Credit.  Maines v. Commissioner, 144 T.C. at 128.  The taxpayers in Maines did not pay New York income tax and received large refund payments from New York, which were partially attributable to the EZ Investment Credit and the EZ

**[*6]** Wage Credit.  Id. at 134-135.  We held that the excess portion of an EZ Investment Credit or an EZ Wage Credit that may be refunded is an accession to wealth and must be included in a taxpayer's Federal gross income under section 61 for the year in which the taxpayer receives the payment or is entitled to receive the payment.  Id. at 136.

Petitioners' arguments that the EZ Investment Credits and the EZ Wage Credits are not taxable income are without merit in the light of our holding in Maines.  Petitioners' contention that Maines may not be cited as precedent because the case is not final is also without merit.  Consistent with our holdings in Maines and Elbaz, we hold that the refunded portions of the excess EZ Wage Credits and the EZ Investment Credits petitioners received in 2009, 2010, and 2011 are taxable income.

Decision will be entered

for respondent.